UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer Mikenas,<br>Plaintiff,<br><br>v.<br><br>Accretive Health Inc. (d/b/a "Medical Financial Solutions"), and<br>John Doe (a/k/a "George"),<br>Defendants. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Jennifer Mikenas against Accretive Health, Inc., and its employees, for their violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

3. Venue in this district is proper because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

4. Plaintiff, Jennifer Mikenas, is a natural person who resides in the City of Wayzata, County of Hennepin, and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C.

§§ 1692a(3) and 1692k.

5.    Defendant, Accretive Health, Inc. ("Defendant Accretive"), doing business as, "Medical Financial Solutions," is an Illinois corporation engaged in the business of collecting debts in Minnesota. Defendant Accretive's principal place of business is located at 401 North Michigan Avenue, Suite 2700, Chicago, Illinois 60611. Defendant Accretive is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6).

6.    Defendant, John Doe, also known as, "George," ("Defendant George") is a natural person employed by Defendant Accretive as a debt collector at all times relevant to this Complaint. Defendant George is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

## FACTS

7.    Sometime prior to July 2011, Plaintiff incurred a financial obligation ("the debt"). The debt was for medical care and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    Upon information and belief, on or around July 2011, the debt was cosigned, placed or otherwise transferred to Defendant Accretive for collection.

9.    On August 9, 2011, Defendant George telephoned Plaintiff's cell phone and left the following message:

> "This call is for Jennifer…ah…Artinklinkenberger. I'm sorry…(laughter)…I can't pronounce the last name. Um…Call George at 866-249-2094, extension 5071…I believe its Artlikenberg. Thank you."

10.    Defendants Accretive and George did not mail a written notice as required by 15 U.S.C. § 1692g(a) within five days following their initial communication with

Plaintiff on August 9, 2011.

## RESPONDEAT SUPERIOR

11.     The acts and omissions of this individual Defendant, and other debt collectors employed as agents by Defendant Accretive, were committed within the time and space limits of their agency relationship with their principal, Defendant Accretive.

12.     The acts and omissions of Defendant George, and other debt collectors employed by Defendant Accretive, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Accretive in collecting consumer debts.

13.     By committing these acts and omissions against Plaintiff, Defendant George and these other debt collectors were motivated to benefit their principals, Defendant Accretive.

14.     Defendant Accretive is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION
### Violations of the Fair Debt Collections Practices Act
### 15 U.S.C. § 1692

15.     Plaintiffs repeat and incorporate by reference paragraphs 1 - 14.

16.     Defendants violated the FDCPA, 15 U.S.C. § 1692, in their attempts to collect the debt from Plaintiff. Defendants' violations include, but are not limited to, the violations described in Paragraphs 17 – 18 of this complaint.

17. Defendants violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a) within five days after Defendants' initial communication with Plaintiff.

18. Defendant George violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving a message on Plaintiff's voicemail on August 9, 2011, that did not meaningfully disclose his identity and failed to disclose that the message was from a debt collector.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff Jennifer Mikenas respectfully requests that judgment be entered against Defendants for the following:

## COUNT I.
### Violations of the Fair Debt Collection Practices Act

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. For such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **9/1/11**                               **s/ Mark L. Heaney**
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile: (952) 544-1308
Email: mark@heaneylaw.com
*Attorney for Plaintiff*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Plaintiff Jennifer Mikenas, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**s/ Jennifer Mikenas**
Jennifer Mikenas

Subscribed and sworn to before me
this **1st** day of **September,** 2011.

**s/ Vanessa Larrea Crosley**
Notary Public